Mr. Chief Justice Shepard
delivered the opinion of the ■Court:
This is an appeal [by Andrew Lee] from a conviction and ¡sentence under an indictment for housebreaking and grand lar *444 ceny. The indictment contained nine counts. Counts 1, 3, 4, 6, and 8 charged unlawful entries into the houses of four different persons, on March 7, 8, 9, 1910, with intent to commit larceny. Counts 2, 5, and 9 charged the larceny of personal property of four of said house owners. There was no motion to quash for misjoinder of distinct offenses. Defendant was found guilty on all counts, but sentenced upon counts 1 and 2 only. Count 1 charged unlawful entry into the dwelling house of one Anderson, with intent to commit larceny. Count 2 charged larceny, at the same time and place, of personal property of said Anderson of the value of more than $35. Article 823 of the Code [31 Stat. at L. 1323, chap. 85] makes it an offense to break and enter, or to enter without breaking, any dwelling house or other structure specified therein, with the intent to commit any criminal offense, and provides a punishment therefor of imprisonment for not more than fifteen years. Article 826 defines grand larceny as the felonious taking and carrying away of anything of value to the amount of $35 or over, and fixes the punishment therefor of imprisonment for not less than one, nor more than five, years. The defendant was sentenced to fifteen years imprisonment for the housebreaking, and five years for the grand larceny committed.
The first assignment of error is on an exception taken to the refusal of the court to require the District Attorney to elect upon which count of the indictment he would rely for conviction. The motion to require this election was made before the jury were sworn, and was not renewed at any later stage of the trial. Section 1024, Rev. Stat., U. S. Comp. Stat. 1901, p. 720, provides that “when there are several charges against any person fo'r the same act or transaction, or for two or more acts or transactions connected together,- or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments, the whole may be joined in one indictment, in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated.” The motion for an election between counts is an application to the sound discretion *445 of the court, founded on the supposition that the case extends to more than one charge, and may therefore be likely to embarrass the accused in his defense. And where there are two separate offenses charged, the court is not required at the commencement of the trial, to put the prosecutor to election, but should do so only when it is disclosed during the trial that the substantial rights of the accused may be prejudiced by the submission to the same jury of more than one distinct charge of crime among two or more of the some class. Pointer v. United States, 151 U. S. 396-402, 38 L. ed. 208-211, 14 Sup. Ct. Rep. 410. In that ease the indictment charged, in separate counts, the murder of two different persons, on the same day and in the same district, but did not charge that they were the result of one act or transaction, or that they were connected together. A motion to quash because two separate offenses were charged was first made. After its denial, and before the opening statement of the prosecutor, the, defendant moved the court to require an election between the counts, which was also denied. This motion was renewed upon the conclusion of the evidence, and again denied. The evidence showed that the two men were murdered at the same time and place, and it was practically impossible to separate the proof of one charge from the proof of the other. The accused was found guilty of both crimes, and sentenced to death. No error was found, and the judgment was affirmed.
Passing by the objection that the motion to require election was premature, and not renewed at a later stage of the trial, and treating it as made at the proper time, we are of the opinion that the court did not err in denying it. The offenses charged in the two counts that are before us were so connected that their joinder in one indictment was sanctioned by see. 1024, Rev. Stat. And they were so connected by the proof that they could be tried together without prejudice to any legal right of the accused. To constitute the crime of housebreaking, it is necessary to show an unlawful entry, with the intent to commit some other offense. The actual commission of the additional offense is not necessary to complete the crime of housebreaking. As it *446 was charged that the accused did actually commit larceny of the goods of the owner of the house at the same time and place, the proof of this larceny was the best evidence that his unlawful entry of the house was with that particular intent. The proof of the charge of the intent to commit larceny being necessary to conviction of the charge of housebreaking, it is difficult to conceive how that intent could be shown, under the circumstances, without proving the larceny that was in fact then and there committed. The defendant could therefore have sustained no prejudice of which he had the right to complain, by the submission of the second count to the jury.
The second and third errors assigned raise the same question. They relate to the admission of the evidence of two expert witnesses regarding the mental state of the defendant. After the conclusion of the government’s evidence, the defendant testified on his own behalf. His testimony tended to show that he was fifty-two years of age, and since his fourth year had been afflicted with an uncontrollable impulse to commit theft. Many instances were related of thefts committed, as claimed, under this impulse, followed by an immediate throwing away of the stolen articles of value. Eecords were offered showing many convictions of larceny, and imprisonment of many years in various places. Several expert witnesses were then introduced, who, in response to a hypothetical question founded on the evidence aforesaid, expressed the opinion that the accused was insane. In rebuttal, the government introduced, without objection, the evidence of the jail physician, who, after stating his frequent opportunities to observe the defendant closely while a prisoner in the jail, expressed the opinion that he was not insane. Drs. Brush and Schwenn, experts in mental diseases, were then called, and the government offered to prove by them that the accused, sometime before the trial, had been conducted to a room in the courthouse by a deputy marshal, where they examined him with a view to ascertain his mental condition. No one but the witnesses, the officer, and the prisoner were present, and no coercion was exercised. Objection was made to this evidence on the ground that the accused was in custody, and *447 had been taken to the room for examination by an officer. The offer of the evidence was then withdrawn On the next day the same witnesses were offered by the government, and testified that, having observed the accused closely during the trial, they were of the opinion, based upon that observation alone, that he was not insane. The sole objection to this evidence, based upon the assumption that the opinion formed from the former observation of the accused was incompetent, was that it was impossible for the witnesses to give an opinion from their later observation of the accused, uninfluenced by that formed previously, notwithstanding that they had been charged to eliminate any impressions derived from the former observation of the accused. Assuming, but without so deciding, that the evidence of the earlier observation and the opinion then formed were incompetent, we fail to perceive how that could render incompetent an independent opinion arrived at after another and later opportunity of observing the same person. Whether the later opinion may have been unconsciously influenced by the former one was a question for the consideration of the jury, in determining the weight to be given to the evidence. There was no error in overruling the objection made to its competency.
The fourth and last error assigned is founded on objection taken to language used by the Assistant District Attorney in his argument before the jury. The remarks are recited as follows in the bill of exceptions: “Gentlemen, I really feel apologetic to argue this case; I felt at the time, and I feel now, that I owe you an apology for dignifying such a ridiculous effort to cheat justice, as has been shown in this case. No need of it. We have here eminent men, men who have spent their lives in studying this question, men who have given their lives to help care for insane people, men, gentlemen, who are not here to send people to the penitentiary, but who, I submit, devoting their lives as they do to the care of the poor unfortunates, would gladly have said, “This man is insane,” if it had been true,—Doctor Brush and Doctor Schwenn, men of lifelong experience in this one line of work. We gave you what evidence *448 we could from their lips. Perhaps we could have given you more, if it was the truth that had been wanted in this case.”
Objection was made to the last sentence as improper argument, and a motion was made to discharge the jury. The trial justice, after the following remarks to the jury, overruled the motion: “Gentlemen, the matter as to whether or not they could have given you more evidence is not for you to consider -one way or the other. Counsel, in the excitement of argument, say things that ought not to be said. This is one of the things that ought not to have been said. The only thing before you is the evidence you have. Whether they could have given more or less is not for you to consider at all. You are to consider the evidence you have here, and judge this defendant by that •evidence. Therefore, do not permit for one instant the suggestion of counsel that they could have given you more perhaps, as he said, to influence you; it has no relevancy in this case, and has nothing to do in your verdict. The motion to discharge the jury is overruled.”
Immediately thereafter, the counsel, before proceeding further, apologized for the remarks objected to, and withdrew them.
The argument was an improper one, and might under some circumstances have unduly influenced the jury. At the same time it appears to he clear that the possibility of such an effect was removed by the prompt and decisive action of the court, and the confession of the impropriety by, and the ample apology of, the counsel. See Dunlop v. United States, 165 U. S. 486—498, 41 L. ed. 799-803, 17 Sup. Ct. Rep. 375. The conditions differ essentially from those presented in Frisby v. United States, 35 App. D. C. 513-519.
Perceiving no error in the proceedings on the trial, the judgment will be affirmed. Affirmed.